NicholsoN, C. J.,
delivered the opinion of the Court.
We are called upon by the facts in the record to construe the Act of 1865, c, 10, s. 4.
The following' are the facts: Shannon Eelker, being a judgment creditor of Samuel B. Henderson, had his execution levied on Henderson’s house and lot, and at the sale, on the 28th of February, 1866, became the purchaser; and on the 23d of July,- 1868, complainant, Wm. Henderson, being also a judgment creditor of Samuel B. Henderson, tendered to defendant, Felker, the amount of his bid and interest, and claimed the right to redeem. Felker refused to receive the money tendered, on the ground that more than two years had elapsed since the day of sale.
These facts are alleged by complainant, in his bill, and upon demurrer thereto, the Chancellor sustained the demurrer and dismissed the bill; from which decree complainant appealed to this court. If the Act of 1865, c. 10, s. 4, is construed to embrace sales of land to be made after its passage, the decree of the Chancellor in sustaining the demurrer was erroneous. This is the question to be decided. The Act of 1865, ch. 25, is entitled “ An Act to provide for the limitation of actions, and for other purposes.” Section 1 provides for the suspension of all statutes of limitation, from and after the 6th of May, 1861, to the 1st of Jan., 1867. Section 2 *273 provides that the statutes of limitation, prescribed in Pt., 3, Title 1, ch. 2, art. 3, § 2784 of the Code, shall be held not to operate from the 6th of May, 1861, to the 1st of Jan., 1867. Sec. 3 provides for the suspension of the statute of limitation, as to persons absent or residing out of the State. Section 4 is in the following words:
Sec. 4. “In all cases where real estate is subject to redemption, as prescribed ih chap. 5, sections 2124 to 2137, inclusive, of the Code of Tennessee, the time between the 6th of May, 1861, and the 1st of January, 1867, shall not be held to operate or be computed, and all persons entitled to redeem such real estate shall have sis months from and after the 1st day of January, 1867, to redeem the same according to existing laws.”
This statute was manifestly passed for the purpose of giving legislative effect to section 4 of the Schedule to the Amendments to the Constitution, adopted in 1865, in the following words: “Sec. 4. No statute of limitation shall be held to operate from and after the 6th day of May, 1861, until such time hereafter as the Legislature may prescribe.”
The public history of the State, from May 6, 1861, to the passage of the Act of May 30th, 1865, above quoted, furnishes a satisfactory reason for the adoption of the 4th section of the Schedule, as well as for the enactment of said statute. The hardships that would necessarily arise from the enforcement of the statutes of limitations, during a period of civil war, naturally suggested the propriety of suspending their operation, not only during the time of its continuance, but for a time *274 beyond that sufficiently long for the restoration of civil order and law. Hence, it was enacted that the statutes of limitation should not operate from May 6th, 1861, the practical commencement of the war, until January 1st, 1867. . The same reasons for suspending the operation of. the statutes of limitation, suggested and enforced the propriety of enlarging and extending the time within which real estate, sold under execution, &c., during the existence of the war, might be redeemed. Accordingly, we find the provisions for the relief of both classes of hardships contained in the same statute.
But it is well settled, that whilst the Legislature might pass laws operating retrospectively on the limitation of actions, and extending the time for their operation, they could not so legislate as to rights which were already vested. Hence, it has been decided by this Court that the law giving two. years for the redemption of real estate, was not' a law for the limitation of actions, but a law of property.. From this it follows, and was so held, that the fourth section of the Act of 1865, chap. 10, was unconstitutional, so far as it undertakes to authorize the redemption of land which was sold more than two years before the passage of the Act, and which the debtor did not offer to- redeem within two years after the sale. Reynolds v. Baker, 6 Cold., 221. In that case the Court made only a partial construction of the section under consideration. It was held, that the section was intended to have a retrospective operation. That this holding, as to the retrospective character o ’ the statute, Avas correct, is fully sustained by the provision, that the limitation should not operate from and after *275 May 6, 1861. The Act was passed in May, 1865, and expressly declares that the time from and after May 6, 1861, shall not be computed. But the decision goes no further than to hold, that the section is unconstitutional, so far as it undertakes to enlarge the time of redemption in a case where the land was sold more than two years before the passage of the Act, leaving it undetermined whether the Act is constitutional where the period of two years after the sale had not elapsed at the date of the Act; or whether the Act was intended to operate as to sales of lands which might be made after the passage of the Act. It devolves upon this Court to ascertain and declare the intention of the Legislature on these questions.
It is hardly necessary for us to state that we recognize, in its full force, our obligation to seek diligently for the intention of the Legislature, and when found, to carry it out faithfully, unless, in our judgment, that intention comes in conflict with the paramount law; and, in that case, our obligation is equally clear to uphold the Constitution, and to declare its violation null and void.
We are to ascertain the intention of the Legislature by a fair interpretation of its language. The language of the section under examination, is: “In all cases where real estate is subject to redemption.” This language was used by the Legislature on the 30th of May, 1865. Was it meant “in all cases where real estate is now, on the 30th of May, 1865, subject to redemption?” Or was it meant “in all cases hereafter where real estate is subject to redemption?” Either interpretation of the language is legitimate, and hence the intention can not *276 be ascertained from these words alone. It is a rule of construing statutes that their language shall be so interpreted as not to bring the Legislature in conflict with the Constitution, if there is nothing in the language itself which forbids such interpretation. Taking this language by itself, this rule of construction would require us to interpret it as meaning all cases hereafter where real estate is subject to redemption; because the Constitution discountenances retrospective legislation, but by the same rule we are required to see if there is other language which forbids this interpretation. We way pass over the next words in the statute, namely: “As prescribed in sections 2124 to 2127, inclusive, of the Code of Tennessee,” since thej shed no light on the question we are discussing; but the language which follows them is important, “The time between the 6th day of May, 1861, and the 1st day of January, 1867, shall not be held to operate or be computed.” This language contains the gist of the enactment. It is plain and unambiguous — ■ the time from May &th, 1861, to January lat, 1867, shall not be computed. Then, most clearly, the Legislature meant to provide for cases of sales of land, which took place as long ago as May 6th, 1861, more than four years before, the date of the statute. It is apparent, beyond controversy, that the language means that in all cases of lands sold where the time for redemption had commenced running before or on the 6th of May, 1861, or between the 6th of May, 1861, and the 30th of May, 1865, the date of the Act, which lands were subject to redemption, the time should cease running, and should not be computed until January 1st, 1867. We are for *277 bidden, therefore, by the plain language of the statute to interpret it as applying exclusively to sales of lands after the passage of the Act.
It can hardly admit of doubt that the Legislature assumed that they had the same power under the fourth section of the Schedule, to revive the right of redemption if it had expired after the 6th of May, 1861, and to give it continued vitality until June 1st, 1867, and for six months after, as they had to revive actions barred by the statute of limitations, after the 6th of May, 1861, and to suspend its operation until January 1st, 1867. Hence it was, that they intended to provide, that in all cases where lands had been sold, and the right of redemption had been lost, by the two years expiring after May 6, 1861, the right to redeem should be revived, and continue in operation until January 1st, 1867. And this is what they meant by the language: “In all cases where real estate is subject to redemption, the time between May 6th, 1861, and January 1st, 1867, shall not be computed.”
There was urgent reason for some such relief measure, and the Legislature supposed they had accomplished it by the enactment of this statute. But, in so doing, they misconstrued their powers under the fourth section of the Schedule, and made provisions which are unauthorized by the Constitution. Upon the same authorities on which the Court, in the case of Reynolds v. Baker, 6 Cold., 219, held that so much of section 4, chap. 10 of the Aet of 1865, as authorizes the redemption of land which was sold more than two years before the passage of the Act of May 30th, 1865, was unconstitutional and void, we hold that all of said Act which undertakes to extend the *278 right of redemption in all cases of sales of lands before the passage of that Act, whether the two years had then expired or not, is unconstitutional and void. When land is sold under execution, the whole estate is vested in the purchaser by the sale. The right of the debtor is strictly a right to re-purchase, by payment or tender of the money within the prescribed time. Whenever the rights of the purchaser and of the debtor become thus vested, they are beyond the control of the Legislature, and any Act which undertakes to alter, destroy or suspend them, is unconstitutional.
But, it was competent for the Legislature, in 1865, to enact a new law of property, which would control the rights derived from the sale and purchase of lands made after its enactment. We have determined that the Act of 30th May, 1865, was intended to have a retrospective operation — but it is insisted that it may also have a prospective operation. We admit that if the language will bear the interpretation, it was the intention of the Legislature to give to it a prospective operation, it is our duty to adopt that interpretation, rather than that the whole Act should be declared a nullity.
We have construed the first member of the sentence, which constitutes the Act of May 30, 1865. We have interpreted the language: “In all cases where real estate is subject to redemption, the time between the 6th of May, 1861, and the 1st of January, 1867, shall not be computed;” — we hold it to have, necessarily, a retrospective meaning. Does it also have, by fair interpretation, a prospective meaning? In other words, was it intended to operate upon sales of land that might- occur after May *279 30tb, 1865, and before January 1st, 1867? This must be determined by the language of the remaining member of the sentence, to-wit: “and all persons entitled to redeem such real estate, shall have six months from and after the 1st day of January, 1867, to redeem the same, according to existing laws.”
The words “such real estate” furnish a key to the meaning of the Legislature. These words refer, unmistakably, to the cases of real estate sales provided for in the first member of the sentence. The two members of the sentence are connected by the copulative conjunction. The intention then was, not only to provide, that the time between May 6th, 1861, and January 1st, 1867, should not be computed, in all cases where real estate had been sold previous to May 30th, 1865, but also to provide, that in these same, cases the persons interested should have the further time of six months from and after January 1st, 1867, within which to redeem, and then, the redemption to be made according to existing laws, that is as prescribed in Pt. 2, Title 2, c. 5, §§ 2124 to 2137, inclusive, of the Code, thus showing, that none but sales made prior to May 30th, 1865, were intended to be embraced, and that the existing laws were not intended to be altered or affected, except as to cases having occurred before the Act of May 30th, 1865. Our conclusion therefore, is, that the Act does not apply to land sales made after the passage of the Act, but, as to these, the existing laws were intended to remain in force.
Upon our construction of the Act of May 30th, 1865, the demurrer was properly sustained by the Chancellor, and we affirm the decree with costs.